**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRUNO GARCIA, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) | Case No. |
| v. | ) ) | Judge: |
| CHINATOWN BUFFET, INC., and SHI TAN ZHENG, individually, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Bruno Garcia ("Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys, for his Complaint against Defendants Chinatown Buffet, Inc. (hereinafter "Chinatown") and Shi Tan Zheng, individually (hereinafter "Zheng"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay minimum and overtime wages to Plaintiff and other similarly-situated persons.

2.     In one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated cooks and kitchen staff worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

3.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §

1

216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5.     This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

7.     Plaintiff resides in and is domiciled in this judicial district.

8.     Defendant Chinatown is an Illinois corporation.  Defendant Chinatown is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

9.     Defendant Chinatown is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

10.     During the last three years, Defendant Chinatown's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

11.     During the course of his employment with Defendant Chinatown, Plaintiff handled goods, including perishable produce, meats, and other food products that moved in interstate commerce.

12.     Defendant Chinatown was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

2

13.     Defendant Chinatown was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

14.     Plaintiff was Defendant Chinatown's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

15.     Plaintiff was Defendant Chinatown's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

16.     Defendant Zheng resides in and is domiciled within this judicial district.

17.     Defendant Zheng is an owner and an officer of Chinatown Buffet, Inc. and is involved in the day to day business operations of Chinatown.  During the prior three (3) years, Defendant Zheng hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, and participated in decisions regarding employee compensation and capital expenditures.

18.     Defendant Zheng was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

19.     Defendant Zheng was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

20.     Plaintiff was Defendant Zheng's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

21.     Plaintiff was Defendant Zheng's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

**FACTUAL BACKGROUND**

22.     Plaintiff worked for Defendants from approximately April 2014 through July 2014 and then again from approximately October 2014 through October 11, 2015.

23.     Plaintiff was hired by Defendants to work as a dishwasher and after two weeks he was promoted to cook.

24.     After Plaintiff was promoted to cook Plaintiff worked three days a week as a cook and three days a week preparing food and washing dishes.

25.     Plaintiff was scheduled by Defendants to work, and did work, twelve (12) hours per day, six day per week for Defendants.

26.     During the prior three (3) years, Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

27.     During the prior three (3) years, other cooks and kitchen staff were not exempt from the overtime provisions of the FLSA and the IMWL.

28.     In one or more work weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work weeks.

29.     For example, Plaintiff customarily worked the following schedule of days and seventy-two (72) hours per week: Thursday through Tuesday from 10:00 a.m. to 10:00 p.m. Plaintiff customarily did not work Wednesdays.

30.     In one or more weeks during the prior three (3) years, other similarly-situated employees worked more than forty (40) hours.

31.     In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

32.     Instead, Defendants paid Plaintiff a salary for all time worked in individual work weeks, with no overtime pay for the time he worked over forty (40) hours in one or more individual work weeks.

33.     During the month of April 2014, Defendants paid Plaintiff wages of $1,900 per month.

34.     During the time period between May 2014 and July 2014, Defendants paid Plaintiff wages of $2,000 per month.

35.     During the time period between October 2014 and July 2015, Defendants paid Plaintiff wages of $2,000 per month.

36.     During the time period between August 2015 and October 2015, Defendants paid Plaintiff wages of $2,100 per month. Plaintiff was given a raise but was required to wash the restaurant windows on his day off.

37.     In one or more weeks during the prior three (3) years, Defendants did not pay other similarly situated employees overtime pay at a rate of one and one-half times their regular rate of pay when they worked more than forty (40) hours per work week.

38.     Instead, Defendants likewise paid other similarly-situated employees a salary, with no overtime pay for the time they worked over forty (40) hours in one or more individual work weeks.

39.     Plaintiff and other similarly situated persons employed by Defendants lived in the basement of a house owned by Defendants.

### COUNT I
### Violation of the Fair Labor Standards Act-Minimum Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint.

40.     Plaintiff brings this Count as a collective action under the Act. 29 U.S.C. §216(b).

41.     Plaintiff and other similarly-situated employees worked as cooks or kitchen staff for Defendants.

42.     During the past three (3) years, Plaintiff worked for Defendants but was not paid the required minimum wage for time worked in one or more individual work weeks.

43.     Pursuant to 29 U.S.C. §206, for all time that Plaintiff worked for Defendants in individual work weeks, Plaintiff was entitled to be compensated at least the required federal minimum wage.

44.     Defendants violated the FLSA by refusing to pay Plaintiff the required federal minimum wage for all time worked in one or more individual work weeks.

45.     Other employees performed work for Defendants, but Defendants likewise failed to pay them the required minimum wage for all time they worked in one or more individual work weeks.

46.     Defendants' practices violate the minimum wage provisions of the FLSA.

47.     Plaintiff and other cooks and kitchen staff of Defendants are entitled to recover unpaid minimum wages for a period of three years, because Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiff, for himself and on behalf of all similarly-situated persons, prays for judgment against Defendants as follows:

A.     A judgment in the amount of the owed minimum wages due to Plaintiff and similarly-situated employees for all time worked;

B.     Liquidated damages in an amount equal to the unpaid minimum wages;

C.     Reasonable attorneys' fees;

D.     Costs incurred in filing and prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**(Plaintiff Individually Only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint.

48. This Count arises from Defendants' failure to pay Plaintiff earned minimum wages in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

49. Pursuant to 820 ILCS 105/4, for all time Plaintiff worked in one or more individual work weeks, Plaintiff was entitled to be compensated at the applicable Illinois Minimum Wage.

50. During the past three (3) years, Plaintiff worked for Defendants but was not paid the required minimum wage for time worked in one or more individual work weeks.

51. Defendants' practices violate the minimum wage provisions of the IMWL.

52. Plaintiff is entitled to recover unpaid minimum wages for a period of three years.

53. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. A judgment in the amount of the owed minimum wages due to Plaintiff for all time worked;

B. Prejudgment interest on the back wages owed in accordance with 820 ILCS 105/12;

C. An injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*;

D. Reasonable attorneys' fees;

E. Costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff repeats and realleges paragraphs 1 through 53 as if fully restated herein.

54.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff and those similarly situated for all time they worked for Defendants.

55.     Plaintiff and other similarly-situated employees worked for Defendants as cooks and kitchen staff.

56.     In one or more work weeks during the last three years, Plaintiff and other cooks and kitchen staff worked in excess of forty (40) hours per week.

57.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and those similarly situated worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

58.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

59.     Defendants did not compensate other similarly situated employees at a rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

60.     Defendants' failure and refusal to pay overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

61. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E. such other and further relief as this Court deems just and proper.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff Individually Only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 61 of this Complaint.

62. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

63. During the last three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

64. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

65. Defendants did not pay Plaintiff one and one-half times his regular hourly rate of

9

pay for time worked in excess of forty (40) hours per week.

66.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

67.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B.     punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D.     such other and further relief as this Court deems just and proper.

**COUNT V**
**Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages**
**(Plaintiff Individually Only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

68.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

69.     This count arises from Defendants' violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

70.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiff worked for Defendants after July 1, 2015, he was entitled to be compensated at the applicable City of Chicago Minimum Wage.

71.     Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks after July 1, 2015.

72.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B.     Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  November 17, 2015              s/ Douglas M. Werman
                                       One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiff